IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____
                                        )
ANGELA BRAXTON                          )
833 6th Street, N.E.                    )
Washington, DC 20002,                   )
                          Plaintiff,    )
                                        )
v.                                      )
                                        )
DISTRICT OF COLUMBIA                    )
One Judiciary Square                    )
441 Fourth Street, NW                   )
Washington, DC  20001,                  )
                          Defendant.    )
_____)
```

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF**

Plaintiff Angela Braxton, on behalf of her minor child L.C. and through undersigned counsel, for her complaint herein alleges as follows:

**INTRODUCTION**

1.   This is a claim for injunctive relief brought under the federal Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 1400 *et seq.* The Plaintiff seeks a judgment: 1) ordering the Defendant to fund an independent clinical psychological evaluation of L.C. at market rate; 2) declaring that the District of Columbia Public Schools ("DCPS") violated the IDEA and denied J.C. free appropriate public education by failing timely to evaluate him in all areas of suspected disability; 3) ordering DCPS to convene an IEP meeting within ten business days of receipt of the independent clinical psychological evaluation, and at that meeting to review L.C.'s evaluations, revise his individualized education program as appropriate, and develop an appropriate compensatory education plan to compensate L.C. for the failure timely to evaluate him.

1

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over the Plaintiff's federal claims pursuant to 28 U.S.C. § 1331, in that the action arises under the laws of the United States. This Court is a proper venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (2).

3. The Plaintiff has participated in an impartial administrative hearing conducted by the District of Columbia Schools State Enforcement and Investigation Division. The Hearing Officer denied the Plaintiff relief.

## PARTIES

4. Angela Braxton is the adult guardian of L.C., a seventeen-year-old boy. Ms. Braxton and L.C. reside together in Washington, DC.

5. The District of Columbia is a municipality that receives federal financial assistance in exchange for providing special education and related services to children with disabilities.

6. The District of Columbia Public Schools ("DCPS") is an agency of the District of Columbia.

## FACTS

7. DCPS placed L.C. at Rock Creek Academy ("RCA"), a private full-time special education school, on December 15, 2005.

8. At a multidisciplinary team ("MDT") meeting regarding L.C. held on or about September 26, 2006 at RCA, the team developed a student evaluation plan ("SEP") prescribing cognitive psychological, clinical psychological, and vocational evaluations of L.C.

9. DCPS did not complete any of those evaluations before October 31, 2006.

10. On or about October 31, 2006, the Plaintiff filed a due process complaint notice alleging that DCPS had failed to conduct and review evaluations of L.C. in all areas of suspected disability, and stating the facts identified in paragraphs eight and nine, above.

11. On November 13, 2006, DCPS sent a document to the Petitioner entitled "District of Columbia Public School's Response to Due Process Complaint Notice" ("Response").

12. In the Response, DCPS stated: "DCPS is attempting to have the psychological, clinical, and vocational evaluations completed. DCPS acknowledges that the evaluations have yet to completed [sic] however, the MDT team meeting was on September 26, 2006."

13. In the DCPS notes of a "resolution meeting" regarding the October 31, 2006 complaint, conducted on or about November 28, 2006, DCPS stated: "DCPS agrees to conduct the cognitive psychological, clinical and vocational assessments. Upon completion of this [sic] assessments, DCPS agrees to convene an MDT meeting in which these evaluations are reviewed, student's IEP is revised as necessary, placement and comp ed are discussed and a new prior notice and/or comp ed plan are developed if necessary within 60 days."[1]

14. DCPS did not complete any of the evaluations recommended in the September 26, 2006 SEP before December 22, 2006.

---

[1] The question of the admissibility of notes of a "resolution session" or "resolution meeting" held under the IDEA has been disputed since the IDEA was amended to require such meetings, effective July 2005. In the interest of candor, Plaintiff's counsel wishes to report that he has often argued in the past that they are inadmissible. DCPS has consistently maintained that notes of these meetings are admissible. With one exception, the IDEA hearing officers in this jurisdiction have consistently held the notes to be admissible. In a recent decision, this Court held that such notes are admissible. See Davis v. District of Columbia, 2006 U.S. Dist. LEXIS 94650, 19-22 (2006), adopted and approved, D.D. v. District of Columbia, 2007 U.S. Dist. LEXIS 1905 (2007). In the case at bar, the Plaintiff offered the notes into the record and DCPS counsel did not object.

3

15. On or about December 22, 2006, an administrative hearing was held to resolve the October 31, 2006 complaint.

16. On or about January 4, 2007, the DCPS State Enforcement and Investigation Division issued a Hearing Officer's Determination ("HOD") dismissing the Plaintiff's October 31, 2006 due process complaint.

### COUNT I: FAILURE TO PERFORM EVALUATIONS

17. The allegations of Paragraphs 1-16 above are incorporated herein as if repeated verbatim.

18. The IDEA requires DCPS to perform an evaluation of any child with a disability in its jurisdiction when DCPS determines that the child's needs warrant the evaluation, or the child's parents or teacher requests the evaluation.

19. DCPS has violated and continues to violate the IDEA by failing to perform evaluations recommended by the MDT.

20. As a result of this violation, L.C. has experienced and continues to experience harm to his educational development.

### COUNT II: FAILURE TO PROVIDE FREE APPROPRIATE PUBLIC EDUCATION

21. The allegations of Paragraphs 1-20 above are incorporated herein as if repeated verbatim.

22. The IDEA requires DCPS to provide all children with disabilities in its jurisdiction free appropriate public education ("FAPE").

23. DCPS' failure to perform all necessary evaluations of L.C. have denied and continue to deny him his right to FAPE under the IDEA.

24.    As a result of this denial, L.C. has experienced and continues to experience harm to his educational development.

WHEREFORE, the Plaintiff respectfully requests that this Court:

1) order the Defendant to fund an independent clinical psychological evaluation of L.C. at market rate;

2) declare that DCPS violated the IDEA and denied J.C. FAPE by failing timely to evaluate him in all areas of suspected disability;

3) order DCPS to convene an IEP meeting within ten business days of receipt of the independent clinical psychological evaluation, and at that meeting to review L.C.'s evaluations, revise his individualized education program as appropriate, and develop an appropriate compensatory education plan to compensate L.C. for the failure timely to evaluate him.

4) award the Plaintiff attorneys' fees and costs of this action;

5) award any other relief the Court deems just.

Respectfully submitted,

_____
Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave., NW, Suite 400
Phone: (202) 265-4260
Fax: (202) 265-4264

5

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

07-632
C CKK

## I (a) PLAINTIFFS

Angela Braxton

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Douglas Tyrka
Tyrka & Associates, LLC
1726 Connecticut Ave NW
Suite 400
Washington, DC 20009

## DEFENDANTS

District of Columbia

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-00632
Assigned To : Kollar-Kotelly, Colleen
Assign. Date : 4/4/2007
Description: BRAXTON v. D.C.

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ● 3 Federal Question (U.S. Government Not a Party)
- ○ 2 U.S. Government Defendant
- ○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP FOR PLAINTIFF (AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

○ **A.** *Antitrust*
- ☐ 410 Antitrust

○ **B.** *Personal Injury/ Malpractice*
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ...

● **C.** *Administrative Agency Review*
- ☐ 151 Medicare Act
- **Social Security:**
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)
- **Other Statutes**
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☒ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D.** *Temporary Restraining Order/Preliminary Injunction*

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

OR    ○ **F.** *Pro Se General Civil*

| | **Forfeiture/Penalty** | |
|---|---|---|
| eal 28 USC 158 | ☐ 610 Agriculture | ☐ 470 Racketeer Influenced & Corrupt Organizations |
| hdrawal 28 USC 157 | ☐ 620 Other Food &Drug | ☐ 480 Consumer Credit |
|  | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 490 Cable/Satellite TV |
| itions | ☐ 630 Liquor Laws | ☐ 810 Selective Service |
| th Penalty | ☐ 640 RR & Truck | ☐ 850 Securities/Commodities/Exchange |
| ndamus & Other | ☐ 650 Airline Regs |  |
| il Rights | ☐ 660 Occupational Safety/Health | ☐ 875 Customer Challenge 12 USC 3410 |
| on Condition | ☐ 690 Other | ☐ 900 Appeal of fee determination under equal access to Justice |
| :hts |  | ☐ 950 Constitutionality of State Statutes |
| yrights | **Other Statutes** | ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act |
| nt | ☐ 400 State Reapportionment |  |
| demark | ☐ 430 Banks & Banking |  |
| **Suits** | ☐ 450 Commerce/ICC Rates/etc. |  |
| s (US plaintiff or ndant | ☐ 460 Deportation |  |
| Third Party 26 7609 |  |  |

Court Name: District of Columbia
Division: 1
Receipt Number: 4616093398
Cashier ID: lwebb
Transaction Date: 04/04/2007
Payer Name: Tyrka Associates

CIVIL FILING FEE
For: Tyrka Associates
Amount:       $350.00

CHECK
Check/Money Order Num: 1377
Amt Tendered: $350.00

Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

07-0632

Only when the bank clears the check, money order, or verifies credit of funds is the fee or debt officially paid or discharged. A $45 fee will be charged for a returned check.

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

● 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

20 USC sec. 1400 et seq.; IDEA claim for independent evaluations and declaratory judgment

**VII. REQUESTED IN COMPLAINT**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23  DEMAND $ _____  Check YES only if demanded in complaint
JURY DEMAND:  YES ☐  NO ☐

**VIII. RELATED CASE(S) IF ANY**  (See instruction)  YES ☐  NO ☒  If yes, please complete related case form.

DATE 04/04/07    SIGNATURE OF ATTORNEY OF RECORD _____

---

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.