## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____

|  |  |  |
|---|---|---|
| | : | |
| **Angela Braxton,** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civil Action No. 07-0632 (CKK)** |
| | : | |
| | : | |
| **District of Columbia,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## FILING OF ADMINISTRATIVE RECORD

Attached is an index of the administrative record and the record documents themselves in this proceeding.  Consistent with LCvR 5.4(f), Defendant has redacted personal information about the minor L.C.[1]

Respectfully submitted,

LINDA SINGER
Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

---

[1] Defendant has redacted the minor's name, date of birth, and Social Security Number.

_/s/ **Amy Caspari**_
Amy Caspari [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

August 15, 2007                    amy.caspari@dc.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| Angela Braxton, parent and next friend of L.C., a minor  ) | |
| Plaintiff,          ) | |
| v.          ) | Civil Action No.07-0632 (CKK) |
| ) | |
| District of Columbia, | |
| ) | |
| Defendant.          ) | |
| _____  ) | |

### INDEX OF RECORD

Certification of Record                                    -      1

Hearing Officer's Determination (HOD) dated 1/4/07         -      2

Due Process Hearing Attendance Sheet dated 12/22/06        -      6

Due Process Complaint Notice dated 10/31/06                -      7

DCPS Response to Due Process Complaint Notice, 11/14/06     -      10

Scheduling Memorandum dated 10/31/06                       -      12

Hearing Notice dated 11/29/06                              -      16

Plaintiff disclosure letter dated 12/15/06 w/att.          -      17

    Notice compelling DCPS witnesses dated 12/15/06    -      20

    Due Process Complaint Notice dated 10/31/06        -      21

    Resolution Meeting Notes dated 11/28/06            -      24

    Hearing Notice dated 11/29/06                      -      28

    MDT Student Evaluation Plan dated 9/26/06          -      29

    Official request for Student Records dated 12/1/06  -      30

DCPS disclosure statement and Motion to Compel dated 12/15/06  -    33

Transcript of Hearing dated 12/22/06                    -    35

# CERTIFICATION OF RECORD

INDIVIDUALS WITH DISABILITIES EDUCATION ACT (IDEA) 20 USC § 1400

## DISTRICT OF COLUMBIA PUBLIC SCHOOLS
### *STUDENT HEARING OFFICE*
#### SPECIAL EDUCATION

In the Matter RE:         C█████, L███ vs. DCPS

Case Information:      Hearing Dates: **12/22/2006**
Held at: **District of Columbia Public Schools Headquarters**
    **825 N. Capitol Street, N.E.**
    **Washington, D.C. 20002**
Student Identification Number:  **9001554**
Student's Date of Birth: ████/**1990**
Attending School: **Rock Creek Academy**
Managing School: **Rock Creek Academy**
Hearing Request Date(s): **10/31/2006**

## <u>CERTIFICATION OF RECORD</u>

I, **Shawnta Maddox, Legal Assistant of the Student Hearing Office,**

DO HEREBY CERTIFY that the attached Record of Proceeding is the entire record in

the above entitled matter as of this date, consisting  of all letters, pleadings, orders,

exhibits and depositions.

I FURTHER CERTIFY that the materials forwarded herewith are the true copy

of the original documents submitted in this matter.

EXECUTED this Friday, August 03, 2007.

**LEGAL ASSISTANT
STUDENT HEARING OFFICE**

1

**DISTRICT OF COLUMBIA PUBLIC SCHOOLS**
**ENFORCEMENT AND INVESTIGATION DIVISION**

**SPECIAL EDUCATION DUE PROCESS HEARING**

**CONFIDENTIAL**

<u>**HEARING OFFICER'S DETERMINATION**</u>

**STUDENT: L⬛ C⬛**          **DATE OF BIRTH:** ⬛/90

ADDRESS: 833 6th Street, N.E.
Washington, D.C. 20002

**PRESENT SCHOOL ATTENDING: Rock Creek Academy**
**HOME SCHOOL:  N/A**

**DATE OF HEARING: December 22, 2006**

Student's Representative: Douglas Tyrka, Esq.
Address: 1726 Connecticut Ave., N.W.
Washington, D.C. 20009
FAX: 202-265-4264

School System's Representative: Tiffany Puckett, Esq.
Address: 825 N. Capitol Street, N.E., Washington, D.C. 20002

**INTRODUCTION:**

A hearing was held at the District of Columbia Public Schools (DCPS), 825 N. Capitol Street, N.E., Washington, D.C. 20002, on December 22, 2006, at the request of Douglas Tyrka, counsel for the parent and the student.  Tiffany Puckett represented DCPS, the other party to this hearing.

**JURISDICTION:**

The hearing was held and this decision was written pursuant to the Individuals with Disabilities Education Act (IDEA) (P.L. 101-476), reauthorized as the IDEA Improvement Act of 1997 (P.L. 105-17) 20 U.S.C. 1400 Et. seq; further reauthorized as the IDEA Improvement Act of 2004 (P.L. 108-446); and their current regulations, specifically the Code of Federal Regulations at 34 CFR Part 300 and District of Columbia Municipal Regulations, Chapter 30, Education Handicapped, Title V, Sections 3000-3099.

**ISSUES:**

1.    **Did DCPS deny a Free Appropriate Public Education (FAPE) to the student by failing to conduct and review evaluations in all areas of suspected disability?**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY DCPS:**

**Disclosure letter**

**DOCUMENTS SUBMITTED INTO EVIDENCE BY STUDENT:**

**LC-1-LC-7**

**FINDINGS OF FACT:**

1.    The student is a sixteen-year-old male who has been found eligible for special education services by DCPS and is currently attending the private special education day school program at Rock Creek Academy. (LC-3)

2.    At a September 26th 2006 MDT/SEP meeting at Rock Creek Academy, the MDT team recommended a psycho-educational, clinical and vocational evaluations to determine the student's current level of functioning academically and behaviorally.  Representatives of Rock Creek Academy and the student were present, but no member from DCPS participated in the meeting. (LC-6)

3.      There is no document in the record that a representative of DCPS was
        invited to the MDT/SEP meeting.

4.      This complaint was filed on October 31, 2006. (LC-3)  A resolution
        meeting was held on November 28, 2006.  At the resolution meeting,
        DCPS agreed to conduct cognitive psychological, clinical and vocational
        assessments.  Upon completion of these assessments, DCPS agreed to
        convene an MDT meeting to review the evaluations, revise the student's
        IEP if necessary and discuss both placement and compensatory education
        and a new prior notice of placement issued and a compensatory education
        plan developed if necessary within 60 school days.  The parent refused to
        accept the DCPS offer. (LC-4)

**DISCUSSION AND CONCLUSIONS OF LAW:**

Counsel for the parent and student did not call any witnesses and rested on the
documents it submitted into evidence.  Counsel for DCPS moved for a directed verdict on
the grounds that counsel for the parent had failed to meet his burden of proof pursuant to
*3030.3* of *Title V* of the *D.C. Municipal Regulations* which places the burden of proof on
the party seeking relief that DCPS denied a FAPE to the student.

In this case, counsel for the parent has presented no evidence that DCPS was
invited to the MDT/SEP meeting at the private placement at Rock Creek Academy and
had notice of the MDT team's recommendations on evaluations. (See Findings of Fact
#2)  The student is attending a private full-time day special education program at Rock
Creek Academy and counsel for the parent has not provided any evidence that the student
is denied educational benefits in that program.  In *Kingsmore v. District of Columbia*, No.
05-7156, (September 29, 2006), The U.S. Court of Appeals for the District of Columbia
has recently reiterated that procedural violations of IDEA that are harmless do not deny a
FAPE.: "this Court joined the majority of other circuits in ruling that a claim based on a
violation of IDEA's procedural requirements 'is viable only if those procedural violations
affected the student's substantive rights.' *Lesesne v. District of Columbia*, 447 F.3d 828,
834 (D.C. Cir. 2006) This Court denied relief to the plaintiff in *Lesesne* because she
failed to demonstrate 'that [the student's] education was affected by any procedural
violations DCPS might have committed.' *Id.*  The *2004 Improvement Act* and its
Regulation at *34 C.F.R. Section 300.513* requires that "In matters alleging a procedural
violation, a hearing officer may find that a child did not receive a FAPE only if the
procedural inadequacies – (i) Impeded the child's right to a FAPE; (ii) Significantly
impeded the parent's opportunity to participate in the decision-making process regarding
the provision of a FAPE to the parent's child; or (iii) Caused a deprivation of educational
benefit."  None of those conditions have been met here.  This hearing officer agrees with
the counsel for DCPS's argument that counsel for the parent has not met his burden of
proof that DCPS denied a FAPE to the student and therefore counsel for DCPS's Motion
for a Directed Verdict is **GRANTED**.

It is hereby **ORDERED** that:

Counsel for the parent's request for relief is DENIED and the case is DISMISSED.

This is the final administrative decision in this matter. Appeals on legal grounds may be made to a court of competent jurisdiction within 90 days of the rendering of this decision.

Seymour DuBow, Esq.
Impartial Hearing Officer                     Date filed: January 4, 2007

Date Issued:

4

**ATTENDANCE SHEET**

STUDENT'S NAME: ▓▓▓ ▓▓▓

SCHOOL OF ATTENDANCE: _Rock Creek Academy_

D.O.B.: ▓▓▓90

HEARING DATE: _12/22/06_   ROOM: _8115_   TIME: _1:00_ A.M./P.M.

| PARTICIPANT NAME: | ON BEHALF OF DCPS OR STUDENT: | TITLE: |
|---|---|---|
| Douglas Tyrka | Student | Counsel for Parent |
| Tiffany Robert | DCPS | Atty Advisor |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

_____
Impartial Hearing Officer

Revised 10/17/2006

6

# DUE PROCESS COMPLAINT NOTICE
### In re L___ C_____
### October 31, 2006

**Petitioner:**    Angela Braxton
**Student:**    L___ C_____
**DOB:**    ____/90
**Current School:**    Rock Creek Academy ("RCA")
**Residence:**    833 6th Street, N.E.
    Washington, DC 20002

**Petitioner's Contact Information for Special Education Purposes:**
Tyrka & Associates, LLC
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

**Violations:**

1. Failure to conduct and review evaluations in all areas of suspected disability.

**Facts:**

1. At a September 26, 2006 multidisciplinary team ("MDT") meeting, the Team develop a student evaluation plan recommending completion of cognitive psychological, clinical, and vocational evaluations.
2. DCPS has not completed current cognitive psychological, clinical, or vocational evaluations of L___ since September 26, 2006.

**Proposed resolution:**

1. DCPS to fund independent cognitive psychological, clinical, and vocational evaluations of L___
2. DCPS to convene an MDT meeting within ten (10) days of receiving these evaluations to:
   a) review these evaluations;
   b) revise L___ IEP;
   c) develop an appropriate compensatory education plan for DCPS' failure to timely conduct cognitive psychological, clinical and vocational evaluations of L___ since September 26, 2006.
3. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of the LEA with authority to:

    a) fund independent cognitive psychological, clinical, and vocational evaluations of L███; and

    b) convene an MDT meeting within ten (10) days of receiving these evaluations

is a necessary attendee at any resolution meeting.

2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.

3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.

4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.

5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

8

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**Recipient:** STO

**Fax Number:**

**From:** Laura Fogliano

**Regarding:** L███████ ████████

**# of pages:** 3 incl cover

**Notes:**

## CONFIDENTIALITY NOTICE

This facsimile contains confidential information belonging to Tyrka & Associates or their client(s) that is intended solely for the recipient named above. If you are not the intended recipient named above or the agent or employee thereof, this transmission was sent to you in error, and your review, use, reproduction, publication, or distribution of this transmission or the contents thereof is strictly prohibited. Tyrka & Associates expressly preserves and asserts all privileges applicable to this transmission. If you have received this transmission in error, please read no further than this Confidentiality Notice and call the telephone number above to arrange for the return of this transmission at the cost of Tyrka & Associates. Thank you.

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID)**
**Special Education Programs**

L████ C██████ (███████/90)
      Petitioner,

v.

District of Columbia Public Schools,
      Respondent

**District of Columbia Public School's Response to Parent's**
**Adminstrative Due Process Complaint Notice[1]**

The District of Columbia Public School (hereinafter "DCPS"), by and through the undersigned Attorney-Advisor, hereby provides its RESPONSE to the Administrative Due Process Complaint Notice (hereinafter "Complaint") filed on behalf of the above captioned student, pursuant to the Individuals with Disabilities Education Improvement Act (hereinafter "IDEIA"), 20 U.S.C. § 1415(c)(2)(B)(i)(I). DCPS responds as follows:

    1. DCPS denies that it failed to conduct and review evaluations in all areas of suspected disability. Since the Multi Disciplinary Team (MDT) meeting was conducted on September 26, 2006 several evaluations have been completed. The psycho-educational and clinical evaluations were both administered on October 30, 2006. It is DCPS's contention that the evaluations have been conducted in a reasonable time period. Additional steps will be taken as necessary or warranted.

Respectfully submitted,

Aaron E. Price, Sr., Esq.
Attorney-Advisor, DCPS

---

[1] This response is submitted pursuant to 20 U.S.C. § 1415(c)(2)(B)(i)(I) and it is not intended to be an answer, or substitute, as contemplated by the Federal or District of Columbia Rules of Civil Procedure. Moreover, the agency response contained herein does not bind it to or preclude it from asserting defenses now known or may become available during the course of the due process proceedings.

10

## CERTIFICATE OF SERIVCE

I, Aaron E. Price, Sr., Esq., hereby certify that a copy of this RESPONSE was served on Douglas Tyrka, parent's counsel, via facsimile, 202-265-4264, on November 14, 2006.

*Aaron Price*

Aaron E. Price, Sr., Esq.
Attorney-Advisor, DCPS

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.          DISTRICT OF COLUMBIA PUCLIC SCHOOLS
Washington, DC 20002                              State Enforcement & Investigation Division
(202) 724-6556                                          For Special Education Programs

# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Attorney:Douglas Tyrka, Esq.**
**Parent: Agela Braxton**

Telephone Number: **(202) 265-4260**          Pages: **3**
Fax Number: **(202) 265-4264**                    Date: **October 31, 2006**

_____

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: **L▆▆ C▆▆▆**
School:  **Attending Rock Creek Academy**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

                                        **Thank You**
                                        **Marica Brown**

The document(s) accompanying this telecopy transmission contains confidential information that Is legally
privileged.  The information is intended only for use of the individual or entity named Above, if you are not the
intended recipient you are hereby notified that any disclosure, copying, Distribution or the taking of any action in
reliance of the contents of this copied information is Strictly prohibited.  If you receive this telecopy in error, please
immediately notify us by telephone For return of the original document to us.

12

# STATE EDUCATION AGENCY
## DISTRICT OF COLUMBIA PUBLIC SCHOOLS

| | | |
|---|---|---|
| In the Matter of: | ) | BEFORE A SPECIAL EDUCATION |
| | ) | |
| **C████, L.**        Petitioner | ) | |
| | ) | **HEARING OFFICER** |
| Vs. | ) | |
| | ) | |
| **DCPS** | ) | |
| **Attending Rock Creek Academy** | ) | DISTRICT OF COLUMBIA |
| | | |
| Respondent | ) | PUBLIC SCHOOLS |

## SCHEDULING MEMORANDUM

1.  A due process complaint notice and request for due process hearing has been received by the Student Hearing Office in the State Enforcement & Investigation Division. Pursuant to 20 U.S.C. § 1415(f)(1)(B), prior to the opportunity for an impartial due process hearing, the Local Educational Agency shall convene a resolution meeting with the parent(s) and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint <u>within 15 calendar days of receiving notice of the parents' complaint</u>. The meeting shall include a representative of the Local Educational Agency who has decision-making authority. The Local Education Agency is responsible for scheduling the resolution meeting in consultation with the parent. **The Student Hearing Office does not schedule or participate in resolution meetings**.

2.  The complaint notice was filed on **October 31, 2006**

3.  The deadline for the resolution meeting is  **November 15, 2006** unless the parent and Local Educational Agency agree in writing to waive such meeting, or agree to refer the case to a mediator for mediation.

## RESPONSE TO THE COMPLAINT

A.  ***Prior Written Notice Not Issued by the Local Educational Agency***.  If the Local Educational Agency has not sent a prior written notice to the parent regarding the subject matter contained in the parent's due process complaint notice, the Local Educational Agency shall, <u>within 10 days of receiving the complaint</u>, send to the parent a response that shall include:

   1.  An explanation why the Local Educational Agency proposed or refused to take action raised in the complaint;
   2.  A description of other options that the IEP Team considered and the reasons why those options were rejected;
   3.  A description of each evaluation procedure, assessment, record, or report the agency used as the basis for the proposed or refused action, and
   4.  A description of the factors that is relevant to the agency's proposal or refusal.

Rev'd. 7/6/05

B.     Prior written notice, if not already provided to the parent, must be sent by the Local Educational Agency to the complaining party no later than **November 10, 2006**.

C.     ***Deficiency Notice***.   A complaint notice shall be deemed sufficient unless the party receiving the notice notifies the Student Hearing Office and the complaining party in writing, <u>within 15 days of receiving the notice of the complaint</u>, that the complaint does not satisfy the notice requirements specified in 20 U.S.C. 1415(b)(7)(A).

D.     The deadline for filing a deficiency notice is **November 15, 2006**.

## DUE PROCESS HEARING

Pursuant to 20 U.S.C. § 1415(f)(1)(B)(ii) if the Local Educational Agency has not resolved the complaint to the satisfaction of the parents within 30 days of the receipt of the complaint, the due process hearing may occur, and all applicable time lines for scheduling a due process hearing will commence.  A final hearing officer's decision must be issued within 45 days from the expiration of the 30-day resolution period.

## QUESTIONS AND INFORMATION

The staff with the Student Hearing Office does not provide legal advice.  The parties should consult with legal counsel or other representative to answer any legal questions about your rights, duties, and responsibilities under the law.  The school or the Local Education Agency responsible for scheduling the meeting will provide information about the time, date, and location of the resolution meeting.

Rev'd. 7/6/05

14

10/31/2006 13:16 FAX 2024425253        CENTRAL INTAKE UNIT                    ☑001

```
                        ********************
                        ***   TX REPORT   ***
                        ********************


        TRANSMISSION OK

        TX/RX NO             0191
        RECIPIENT ADDRESS    92022654264
        DESTINATION ID
        ST. TIME             10/31 13:15
        TIME USE             01'07
        PAGES SENT           3
        RESULT               OK
```

Complaint Intake Unit
825 North Capitol Street, NE- 8th Fl.
Washington, DC 20002
(202) 724-6556



# Fax

## Time Sensitive Materials Attached

**Prompt Attention: Attorney:Douglas Tyrka, Esq.**
**Parent: Agela Braxton**

Telephone Number: **(202) 265-4260**          Pages: **3**
Fax Number: **(202) 265-4264**                Date: **October 31, 2006**

**Please find attached a copy of a Scheduling Memorandum regarding:**

Student: L████ C██████
School:  **Attending Rock Creek Academy**

The Complaint Intake Unit is responsible for providing parties with
information notice that a Due Process Complaint has been filed with the
Student Hearing Office.  If you have questions about the attached Notice,
please contact the Complaint Intake Unit at (202) 724-6556.  Otherwise, if
you have questions about the content of the compliant you should contact
your legal counsel for further advice.

                                        **Thank You**
                                        **Marica Brown**

15

```
                    ┌──────────────────────────────────────┐
                    │ TRANSMISSION VERIFICATION REPORT      │
                    └──────────────────────────────────────┘

                                        TIME  : 11/29/2006 14:06
                                        NAME  :
                                        FAX   :
                                        TEL   :
                                        SER.# : BROE6J471573

        ┌──────────────────────────────────────────────────────────────┐
        │  DATE,TIME              11/29  14:06                           │
        │  FAX NO./NAME           92654264                               │
        │  DURATION               00:00:27                              │
        │  PAGE(S)                01                                     │
        │  RESULT                 OK                                     │
        │  MODE                   STANDARD                              │
        │                         ECM                                   │
        └──────────────────────────────────────────────────────────────┘
```

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8ᵀᴴ Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



### HEARING NOTICE

| MEMORANDUM VIA: [X] FACSIMILE  [ ] MAIL  [ ] HAND DELIVERY |
|---|

**TO:** Parent (or Representative): *D. TYRKA*        Fax No.: *265-4264*

LEA Legal Counsel: *OGC*

**RE:** C▮▮▮▮▮, L▮▮▮▮▮        and (LEA)  DOB: ▮▮/90
Student's Name

**FROM:** __SHARON NEWSOME__
Special Education Student Hearing Office Coordinator

**DATE SENT:** *11/29/06*

• • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • • •

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on *10/31/06* . Please be advised that the hearing has been scheduled for:

DATE: *12/22/06*

TIME: *1:00 pm*

16

TRANSMISSION VERIFICATION REPORT

```
TIME  : 12/15/2006 15:58
NAME  : TYRKA & ASSOCIATES
FAX   : 2022654264
TEL   : 2022654260
SER.# : 000A6J693992
```

```
DATE,TIME              12/15  15:55
FAX NO./NAME           OGC2
DURATION               00:03:31
PAGE(S)                16
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**Recipient:**      OGC

**Fax Number:**

**From:**      Douglas Tyrka

**Regarding:**      

**# of pages:**      15

**Notes:**      Disclosure

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

**December 15, 2006**

Aaron Price
Attorney-Advisor
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232
By Fax: 202-442-5097/5098

<u>RE:</u>    L████ C██████ (D.O.B. ███/90)

Mr. Price:

A hearing has been scheduled for **1:00 p.m. on December 22, 2006**, to adjudicate a due process complaint filed on behalf of the above-captioned student, L████ C██████. In addition to any documents and witnesses disclosed by DCPS, the parent reserves the right to rely on the following witnesses and documents, as well as any other documents previously disclosed or offered into evidence in any other matter concerning this student.

Documents:

1. 12/15/06  Disclosure Letter
2. 12/15/06  Notice Compelling DCPS Witness(es)

**Administrative Record**

3. 10/31/06  Due Process Complaint Notice
4. 11/28/06  Resolution Meeting Notes
5. 11/29/06  Hearing Notice

**IEPs, Etc.**

6. 09/26/06  SEP

**Correspondence**

7. 12/01/06  Official Student Records Request

Witnesses:[1]

---

[1] Some witnesses may be testifying by telephone and/or use a designee. The address and phone numbers for all employees or agents of Tyrka & Associates can be found in the letterhead for this correspondence.

**LC1**

1. Ms. Angela Braxton, Parent; 202-546-5839
2. Ms. Sharon Millis, Special Education Advocate & Expert; Tyrka & Associates, LLC
3. Mr. Keith Coyle, Associate; Tyrka & Associates, LLC
4. Ms. Camille McKenzie, Office Assistant; Tyrka & Associates, LLC
5. Mr. Michael Tchorni, Law Clerk; Tyrka & Associates, LLC

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

2

19



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

December 15, 2006

Aaron Price
Attorney-Advisor
Office of the General Counsel
District of Columbia Public Schools
Washington, DC 20002-4232

      **RE:   L▇▇ C▇▇▇**

Mr. Price:

      Pursuant to 34 C.F.R. § 300.509(a)(2) and D.C. Mun. Regs. tit. 5 § 3031.1(b), Petitioner hereby compels the following necessary and material witnesses:

1. Any DCPS employee and/or agent who has drafted notes of any meeting or telephone conversation, which DCPS intends to submit as evidence at this hearing.
2. All attendees at the September 26, 2006 meeting.

                      Respectfully submitted,

                      Douglas Tyrka, #467500
                      Tyrka & Associates, LLC
                      1726 Connecticut Ave NW, Suite 400
                      Washington, DC  20009
                      (ph) (202) 265-4260
                      (f) (202) 265-4264

**LC2**

20

## DUE PROCESS COMPLAINT NOTICE
<u>In re L▒▒ C▒▒▒</u>
### October 31, 2006

| | |
|---|---|
| **Petitioner:** | Angela Braxton |
| **Student:** | L▒▒ C▒▒▒ |
| **DOB:** | ▒▒/90 |
| **Current School:** | Rock Creek Academy ("RCA") |
| **Residence:** | 833 6th Street, N.E. |
| | Washington, DC 20002 |

**Petitioner's Contact Information for Special Education Purposes**:

Tyrka & Associates, LLC
1726 Connecticut Ave. N.W. Suite 400
Washington, D.C. 20009
Tel: 202-265-4260
Fax: 202-265-4264

**Violations:**

1. Failure to conduct and review evaluations in all areas of suspected disability.

**Facts**:

1. At a September 26, 2006 multidisciplinary team ("MDT") meeting, the Team develop a student evaluation plan recommending completion of cognitive psychological, clinical, and vocational evaluations.
2. DCPS has not completed current cognitive psychological, clinical, or vocational evaluations of L▒▒ since September 26, 2006.

**Proposed resolution:**

1. DCPS to fund independent cognitive psychological, clinical, and vocational evaluations of L▒▒.
2. DCPS to convene an MDT meeting within ten (10) days of receiving these evaluations to:
   a) review these evaluations;
   b) revise L▒▒ IEP;
   c) develop an appropriate compensatory education plan for DCPS' failure to timely conduct cognitive psychological, clinical and vocational evaluations of L▒▒ since September 26, 2006.
3. DCPS to pay reasonable attorney fees and costs incurred in bringing and pursuing this case.

**Resolution Meeting:**

1. The Petitioner contends that a representative of the LEA with authority to:

**LC3**

   a) fund independent cognitive psychological, clinical, and vocational evaluations of L███
      and
   b) convene an MDT meeting within ten (10) days of receiving these evaluations
   is a necessary attendee at any resolution meeting.

2. If this individual is not going to be in attendance, Petitioner requests that DCPS provide counsel with a written notice waiving its right to a resolution session 48 hours prior to any scheduled meeting.

3. The Petitioner contends that any meeting not attended by the identified individual is not a valid resolution session, but rather an informal settlement discussion.

4. The Petitioner will be accompanied by his or her attorney at any resolution session convened subsequent to the filing of this complaint and will record any resolution session by analog or digital means.

5. Any statements by the Petitioner or his or her representative during any resolution meeting or other settlement discussion incident to the filing of this complaint are for the purposes of compromise only.

Respectfully submitted,

Douglas Tyrka, #467500
Tyrka & Associates, LLC
1726 Connecticut Ave NW, Suite 400
Washington, DC  20009
(ph) (202) 265-4260
(f) (202) 265-4264

```
                    TRANSMISSION VERIFICATION REPORT

                                            TIME  : 10/31/2006 12:49
                                            NAME  : TYRKA & ASSOCIATES
                                            FAX   : 2022654264
                                            TEL   : 2022654260
                                            SER.# : 000A6J693992


        DATE,TIME                    10/31  12:48
        FAX NO./NAME                 SHO
        DURATION                     00:00:46
        PAGE(S)                      03
        RESULT                       OK
        MODE                         STANDARD
                                     ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*  SHO

*Fax Number:*

*From:*  Laura Fogliano

*Regarding:*  ▮▮▮▮▮▮▮

*# of pages:*  3 incl cover

*Notes:*

23

**State Education Agency for the District of Columbia**
**State Enforcement and Investigation Division (SEID) Special Education**
**Programs**



# *Due Process Complaint Disposition*

- This form should be used by the parties to notify the Student Hearing Office about important information concerning the outcome of the resolution meeting.
- Please return to the Student Hearing Office of the District of Columbia Public Schools, 825 North Capitol Street, NE, 8th Floor, Washington, DC 20002, Fax number 202/442-5556.

## A.  STUDENT AND CASE INFORMATION:

Student Name: ████████ C.████████    Birth Date: ████90

            First      MI      Last

SHO Case Number: [　　　　]    (if applicable)

## B.  PARENT / GUARDIAN:

Name: Angela            Braxton

     First          Last

Complete Address: 833 6th Street, NE
Washington, DC  20002

Phone:

       Home          Work or alternative phone no.      Fax No. if applicable

## C.  LOCAL EDUCATION AGENCY REPRESENTATIVE:

Full Name: Kymberly    Grafton     Title: LEA, CRS

Address:

825 North Capitol Street, NE 6th Floor
Washington, DC  20002

Phone: (202) 442-4800       (202) 442-5517

        Office               Fax

**LC4**

SEID DRN Rev'd. 6/14/05

1

_____ The complaint has been resolved and the parties have reached agreement to the satisfaction of the parent / guardian. The due process complaint notice and the request for a due process hearing should be dismissed and withdrawn. The parties are aware that the agreement may be voided by any party within 3 business days of the date the agreement is signed. The parties have agreed to wait at least 3 business days before filing this form with the Student Hearing Office.

___X___ The resolution session was unsuccessful. The case should proceed to a due process hearing.

_____ The resolution session was unsuccessful. The parties have agreed to try mediation.

_____ The parties mutually agree to waive the resolution session and request mediation and the assignment of a mediator to this case.

_____ The parties mutually agree to waive the resolution session and request that this case proceed to a due process hearing on the merits.

_____ The parent has failed to participate in a resolution meeting as required under the law. A due process hearing should not be scheduled until further notice

**J.** **Signature and Affirmation:**

I affirm that the information provided on this form is true and correct. I also affirm my receipt of the Procedural Safeguards Manual or I have waived my right to receive the Procedural Safeguards Manual.

Signature of Parent/Guardian                     Date

Local Educational Agency Representative          Date

Mail, fax or deliver this form to:
State Enforcement and Investigation Division
For Special Education Programs (SEID)
Student Hearing Office (SHO)
825 North Capitol Street, NE, 8th Floor
Washington, DC 20002
Fax number: 202/442-5556

2

SEID DRN Rev'd. 6/14/05

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
WASHINGTON, D.C.

__ PUBLIC      ___DCPS CHARTER      __ LEA CHARTER      _X_ NONPUBLIC      ____ PRIVATE/RELIGIOUS

### RESOLUTION MEETING NOTES

Meeting Confirmation Date: [          ]          Meeting Held: [ 11-28-06 ]

Student: [ L███  C███ ]          DOB: [ ███-90 ]          [ Rock Creek ]

| PARTICIPANTS: (Print Name) | PARTICIPANTS (Sign Name) | POSITION |
|---|---|---|
| Kymberly Grafton | *Kymberly Grafton* | LEA/CRS |
| Angela Braxton | *signature* | Mother (via phone) |
| Sharon Millis | *signature* | Advocate |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

[   ] Resolved          [ X ] Unresolved

Introductions were made at the meeting. The parents' complaint is DCPS failed to conduct and review evaluations in all areas of suspected disability.

DCPS agrees to conduct the cognitive psychological, clinical and vocational assessments. Upon completion of this assessments, DCPS agrees to convene an MDT meeting in which these evaluations are reviewed, student's IEP is revised as necessary, placement and comp ed are discussed and a new prior notice and/or comp ed plan are developed if necessary within 60 school days.

The parent is unwilling to accept DCPS' offer and will proceed to due process. This case is unresolved. The parent will cooperate with DCPS as it relates to any appropriately scheduled meetings and/or evaluations through parent's counsel.

L████ C██████ R.S 11/29/06

DCRS states that they will conduct the assessments requested and convene an MDT to discuss issues of concern within 60 days. Parent does not give up her right to DPH but will cooperate with DCRS

# District of Columbia Public Schools
## *State Enforcement & Investigation Division*
### STUDENT HEARING OFFICE
825 North Capitol Street, N.E.
8TH Floor
Washington, D.C. 20002
PHONE: (202) 442-5432
FAX: (202) 442-5556



### HEARING NOTICE

| MEMORANDUM VIA: [X] FACSIMILE [ ] MAIL [ ] HAND DELIVERY |
|---|

TO:   Parent (or Representative): _D. TURKA_     Fax No.: _265-4264_

LEA Legal Counsel: _OGC_

RE: _C_____, L_____ and (LEA) DOB: _____/90_
Student's Name

FROM:   **SHARON NEWSOME**
Special Education Student Hearing Office Coordinator

DATE SENT: _11/29/06_

▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪▪

The Student Hearing Office received your Request for Due Process Hearing or Mediation for the above named student on _10/31/06_. Please be advised that the hearing has been scheduled for:

DATE: _12/22/06_

TIME: _1:00 PM_

AT:   825 North Capitol Street, NE, Washington, DC
8th Floor

ASSIGNED HEARING OFFICER: _____

[ ] THIS IS A FINAL NOTICE OF HEARING: If you wish to request a continuance of this hearing, you must submit your request to the Special Education Student Hearing Office at the above address, or by fax at 202 442-5556. All decisions regarding continuances are made *exclusively* by the Hearing Officer, and cannot be made by SHO administrative staff. Unless you receive notice that the Hearing Officer has granted your request for a continuance, you must appear for the hearing as scheduled above.

[X] THIS IS A PROVISIONAL NOTICE OF HEARING: The SHO was unable to accommodate any of your proposed dates. If you are unavailable for the above date, you must inform the SHO in writing (letter or fax) that the date is unavailable and specify times during the next four business days when you are either available or unavailable for a teleconference with the Hearing Officer. If the SHO does not receive a response from you within three business days of your receiving this provisional notice, the notice becomes a final notice of hearing that may be modified with only a request for a continuance.

Failure to appear for a properly scheduled hearing may result in dismissal of the case or a default judgment against you. Disclosure of evidence and witnesses to the opposing party is required at least **five business days** prior to the hearing with copies to the Special Education Student Hearing Office.

**LC5**

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
DIVISION OF SPECIAL EDUCATION
WASHINGTON, D.C.

MULTIDISCIPLINARY TEAM
(MDT)
STUDENT EVALUATION PLAN
(SEP)

MDT REFERRAL DATE: __9/26/2006__                                    MEETING DATE: __
STUDENT: __C____, L____ DOB: ____/1990  AGE: __16__  GRADE: __11__  SCHOOL: __Rock Creek Academy__
STUDENT IDENTIFICATION NUMBER: __9001554__  TEACHER/HOMEROOM: Mr. Clark /
ADDRESS: __833 6th Street NE, Washington, D.C. 20002__
PARENT(S)/GUARDIAN: __Angela Braxton__  TELEPHONE (H): __202-288-9495__  TELEPHONE (W): ___

**Summarize Area(s) of Concern:**
L____ currently receives 2.5 hours per/wk of clinical therapy and he currently doesn't have a clinical evalauation; in addition, he is in need of cur
academic and cognitive testing.

**Team Recommendations:**
MDT is recommending that he should have a vocational, psycho-educational, and clinical evaluation to determine his current level of functionin
academically and behaviorally.

| | | | TIMELINE | |
|---|---|---|---|---|
| **ASSESSMENT** | **ASSESSOR** | **TEST INSTRUMENT** | **ASSIGNED** | **DU** |
| Psychological | __ | _Cognitive Psychological_ | __ | __ |
| Educational | __ | | __ | __ |
| Other | __ | _Clinical Evaluation and vocational testing_ | __ | __ |

| TEAM MEMBERS: NAME | POSITION | TEAM MEMBERS: NAME | POSITION |
|---|---|---|---|
| _Ms. Page_ | _IEP Coordinator_ | _Ms. Braxton_ | _Parent_ |
| _Mr. Smith_ | _Substance Counselor_ | _Ms. Johnson_ | _Transition Specialist_ |
| _Mr. Clark_ | _Homeroom Teacher_ | _Mrs. Bright_ | _Chief Academic Officer_ |
| _L___ C_____ | _Student_ | _Ms. Page_ | _IEP Coordinator_ |
| _Mrs. Gilliam_ | _Clinical Therapist_ | _____ | _____ |

The MDT meeting to discuss the evaluation results is scheduled on ___ at ___ in room ___

**LC6**



# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

December 1, 2006

Sherrie Waul
LEA
Rock Creeck Academy
By Fax: 202-442-5517

**Re:    L████ C████ (DOB:████90)**

Dear Ms. Waul:

A due process complaint filed on behalf of this student has been scheduled to be heard at 1:00 p.m. on December 22, 2006.  In order to meet their evidentiary burden under Section 3030.3 of Title V of the D.C. Municipal Regulations[1], the parent is respectfully requesting that your school provide copies of the following to our offices:

> All form 6s
> All standardized test scores, such as CTBS or SAT-9
> All evaluation reports and DCPS reviews, including triennial review
> IEPs, BLMDT, MDT notes, placement notices, and letters of invitations for all years in special education
> All report cards, including progress reports and attendance records
> All disciplinary records, incident reports, and manifestation determinations
> All encounter tracking forms

Any other records or correspondence you believe are relevant.

As counsel for the parent we are entitled by law to receive and review these records.  *See* 20 U.S.C. § 1415(b)(1); 34 C.F.R. § 300.562;[2] D.C. Mun. Regs. tit. 5 § 3021.8;[3] D.C.P.S. S.H.O. S.O.P. §800.2 [4] (IDEA records request provisions); 20 U.S.C. § 1232g(1)(A) (Family Educational Rights and Privacy Act of 1974).

---

[1] "The burden of proof shall be the responsibility of the party seeking relief, either the parent/or guardian of a child or the LEA.  Based solely upon the evidence presented at the hearing, an impartial hearing officer shall determine whether the party seeking relief presented sufficient evidence to meet the burden of proof that the action and/or inaction or proposed placement is inadequate or adequate to provide the student with a Free Appropriate Public Education (FAPE)."
[2] "The agency shall comply with a [records] request without unnecessary delay . . ., and in no case more than 45 days after the request has been made."
[3] "A person shall have the right to examine all portions of the student's record prior to the hearing, including the right to examine and, upon request, receive copies of any test results, reports, or other data upon which the proposed action is based."
[4] "Parents have the right to examine all records maintained by the school that are related to their child. . . Parents may authorize counsel, advocates, investigators or other individuals to review and obtain copies of their children's records."

**LC7**

The parent respectfully requests that our office be provided with copies of these records immediately, **and that this request be supplemented with any newly obtained records as soon as they become available**.

Please contact our offices as soon as possible to discuss and arrange the manner by which these records will be delivered.

Sincerely,

Camille Mckenzie
Tyrka & Houck, LLP
Attorneys for the Petitioner
1726 Connecticut Avenue, N.W., Suite 400
Washington, D.C. 20009
p. (202) 265-4260
f. (202) 265-4264

Enclosure:    Parent Authorization for Release of Documents

31

```
              TRANSMISSION VERIFICATION REPORT

                                          TIME  : 12/01/2006 14:20
                                          NAME  : TYRKA & ASSOCIATES
                                          FAX   : 2022654264
                                          TEL   : 2022654260
                                          SER.# : 000A6J693992


     DATE,TIME              12/01  14:19
     FAX NO./NAME           S.ED1
     DURATION               00:01:00
     PAGE(S)                04
     RESULT                 OK
     MODE                   STANDARD
                            ECM
```

# TYRKA &
## ASSOCIATES, LLC
1726 Connecticut Ave., NW ♦ Suite 400 ♦ Washington DC 20009 ♦ Phone: (202)265-4260 ♦ Fax: (202)265-4264

*Recipient:*      Sherrie Waul ~ Office of Special Education

*Fax Number:*    202-442-5517

*From:*          Camille McKenzie

*Regarding:*     L███ C██████

*# of pages:*    4

*Notes:*         Due Process Hearing Records Request

32



**DISTRICT OF COLUMBIA**
**PUBLIC SCHOOLS**

*Office of the Superintendent*
**Office of the General Counsel**
*825 North Capitol Street, N.E., 9ᵗʰ Floor*
202-442-5000  Fax # 202-442-5098

December 15, 2006

Douglas Tryka, Esq.
1726 Connecticut Ave, NW, Suite 400
Washington, DC 20009

**DISCLOSURE STATEMENT AND MOTION TO COMPEL**

**VIA FACSIMILE 202/265-4264**

**Subject: Due Process Hearing for L███ C████**
**DOB:    ████-90**

Dear Mr. Tryka:

At the upcoming due process hearing in the above-referenced matter, scheduled for Friday, December 22, 2006, and pursuant to 34 C.F.R. 300.509(a)(3), in addition to any documents and witnesses disclosed by the parent, DCPS may rely upon any of the following witnesses/documents[1]:

### Witnesses

Sherrie Waul, or her designee, Placement Specialist, DCPS 825 North Capitol, 6ᵗʰ Floor, NE, DC 202-442-4800
Keisha Blythe, Placement Specialist, DCPS 825 North Capitol, 6ᵗʰ Floor, NE, DC 202-442-4800
Keisha McKittey, Placement Specialist, DCPS 825 North Capitol, 6ᵗʰ Floor, NE, DC 202-442-4800
Mose Roberts, Placement Specialist, DCPS 825 North Capitol, 6ᵗʰ Floor, NE, DC 202-442-4800
Michelle Parjardo, Placement Specialist, DCPS 825 North Capitol, 6ᵗʰ Floor, NE, DC 202-442-4800
Student's Current and Prior Teachers, DCPS
Student's Current and Prior Teachers, Rock Creek Academy
Karen Plowden, Special Education Coordinator, or designee(s), Rock Creek Academy

*Parent, DCPS intends to call the parent as a witness. DCPS requests that mother attend the hearing. Pursuant to 34 C.F.R. 300.509(a)(2) and 5 DCMR 3031.1(b), DCPS hereby compels the attendance of the above witness.

---

[1] Witnesses may testify by telephone.

*Children First*

33

DCPS Office of the General Counsel
Page 2

Documents*

DCPS reserves the right to examine any witnesses called or identified as a potential witness by the representative of the student as though the witness was called by DCPS.

DCPS reserves the right to rely upon and /or use any documents/witnesses presented and/or disclosed by the parent that DCPS deems relevant in this case.  Also, DCPS reserves the right to call rebuttal witnesses in its case.
*DCPS reserves the right to rely upon documents submitted by the parent and DCPS in prior disclosures regarding this student.

If you wish to discuss any aspect of this case further, or have questions, please contact me at (202) 442-5000.

Sincerely,

Tiffany Puckett
Attorney Advisor

cc: Student Hearing Office

*Children First*

DISTRICT OF COLUMBIA PUBLIC SCHOOLS
STUDENT HEARING OFFICE

IN THE MATTER OF L████ C██████

HEARING DATE:  DECEMBER 22, 2006

TRANSCRIBED BY
LEGAL PERSONNEL, INC.  (301) 277-5711

1

<u>APPEARANCES</u>

HEARING OFFICER:                          Sy Dubow


ATTORNEY ADVISOR FOR
    DISTRICT OF COLUMBIA
    PUBLIC SCHOOLS                        Tiffany Puckett

ATTORNEY FOR PARENT                       Mr. Doug Tyrka

2

1    HEARING OFFICER:  Good afternoon. Today is December 22,

2    2006.  This is an Administrative Hearing for L▇▇ C▇▇ who

3    was born on ▇▇▇▇▇▇▇, 1990.  I'll ask the parties to introduce

4    themselves for the record.

5        MS. PUCKETT: Yes, good afternoon. Tiffany Puckett, DCPS

6    Attorney.

7        MR. TYRKA: Good afternoon, Douglas Tyrka, counsel for the

8    parent.

9        HEARING OFFICER:  This Hearing is being conducted pursuant

10   to the Individuals Disabilities Education Act its  amendments of

11   1997 and 2004 and DCPS regulations to determine whether or not

12   DCPS acted in accordance with these applicable special education

13   laws with regards to L▇▇ C▇▇. I'm Sy Dubow, impartial

14   Hearing Officer.  I am not an employee of DCPS, nor am I related

15   or an acquaintance of the student other than the hearing

16   process.  I'll hear both sides and act only on the evidence

17   presented.  Is the formal reading of rights waived?

18       MR. TYRKA: Yes.

19       HEARING OFFICER: The formal reading of rights is waived and

20   my decision will be within ten days – working days, days after

21   the Holiday.  All matters discussed today are confidential and

22   this Hearing is being recorded. Either party may request a copy

23   by writing to the Student Hearing Office.  Is there preliminary

1    matter of documents labeled one through seven?

2        MR. TYRKA: Seven, yeah.

3        HEARING OFFICER:  For the parent I have entered into record

4    and I have a disclosure letter from DCPS.  Opening statement Mr.

5    Tyrka.

6        MR. TYRKA: Yes, I have a Motion for Default that I'll put

7    in advance, giving that I don't think there is any disagreement

8    over the facts.  DCPS committed a September 26, '06 SEP meeting,

9    which is our Number 6 to perform certain evaluations, namely

10   cognitive site, clinical and a vocational.  They have not done

11   those evaluations.  Accordingly we are asking for funding for

12   those independent evaluations at market rate.  And for a meeting

13   following that to review the evaluations, revise the IEP as

14   appropriate, and develop a compensatory education plan for

15   failure to do those evaluations sooner. We want to decide the

16   fact that we are not agreeing to the price of the evaluations

17   being limited to Superintendent's guidelines.  If nothing else,

18   those guidelines have not been updated since 2002, and I have

19   been hearing from evaluators' that there lives are getting

20   tougher and tougher earning under those old rates.

21       HEARING OFFICER: All right.

22       MR. TYRKA: So I would ask that there would be any

23   limitation to the rates, that DCPS put on proof as to why it

4

1   should be limited to those rates.

2        HEARING OFFICER: Ms. Puckett.

3        MS. PUCKETT: I reserve my opening.

4        HEARING OFFICER: Mr. Tyrka are you relying on the documents

5   in the record?

6        MR. TYRKA:  The documents and DCPS's failure to represent

7   that had done any of the evaluations.

8        HEARING OFFICER: Ms. Puckett.

9        MS. PUCKETT: DCPS would ask for a Motion for Default

10  Judgment.

11       HEARING OFFICER: This is for your (inaudible)

12       MS. PUCKETT:  There is no basis for my objection is that

13  there has been no showing of harm to this student.  Parent's

14  counsel did not call a witness.  He simply submitted documents

15  and in your documents, in which you have is a resolution meeting

16  notes, disclosure letter and an SEP. There has been no showing

17  of harm in this case. None of these documents present any

18  showing of harm in this case. There is no witness here to say

19  that how they were harmed.  The student is currently at Rock

20  Creek Academy.  The student has - there is no allegation of an

21  appropriate IEP.  There is no allegation of inappropriate

22  programming.  Where is the harm?  This would be a procedural

23  violation and we didn't even say in which time period we'll

1    conduct these evaluations. If you see the set, it does not say

2    when we would complete the evaluations.  There is no allegation

3    that our evaluations are outdated. You don't have any outdated

4    evaluations in front you.  You don't have anything in front of

5    you to find a denial of FAPE.

6        HEARING OFFICER: Responses Mr. Tyrka.

7        MR. TYRKA:  Sure.  I have a few. The first is that were

8    there is only a procedural violation, the Hearing Officer is

9    empowered to enforce a procedural rules.  However, this is not

10   just a procedural violation. DCPS has been tending this argument

11   – I don't think it ever succeeded with any Hearing Officer, that

12   the failure to do an evaluation in a timely fashion, the failure

13   to develop an IEP.  Basically, DCPS's position is that every

14   violation of the law is a procedural violation.  There is no

15   requirement for a showing of harm. There is a requirement to

16   show a denial of FAPE.  The failure to do evaluations for the

17   timelines outlined in the IVA is a denial of FAPE.  If there was

18   a requirement to show harm, it would obviously be impossible to

19   do so because until the evaluations are done, we don't know what

20   they are going to say.  So for DCPS, the argument of

21   (inaudible) is ridiculous because how could we ever have a

22   finding about harm either way before the evaluations are done.

23   So if DCPS's argument were accepted, it would mean that DCPS

6

40

1    could simply refuse to do an evaluations forever and keep on

2    falling back and saying well, we don't know what the evaluations

3    are going to say, and so you can't say you were harmed by not

4    doing it.  No Hearing Officer has ever failed -- has ever ruled

5    that way.

6        MS. PUCKETT:  Can I have a brief response Mr. Dubow?

7        HEARING OFFICER:  Sure.

8        MS. PUCKETT:  Look at the Complaint.  The complaint does

9    not say anything about the student was harmed by us not doing

10   these evaluations.  This is not a re-evaluation, keep that in

11   mind.  It does not say failure to do triennials.  It says, at

12   the September 26th meeting, the team developed an SEP

13   recommending completion of psychological, clinical and

14   vocational.  We have not completed it. It didn't say how.

15   When we agreed to do it, we didn't agree to do it within a

16   specified amount of time at that meeting. Parent didn't present

17   anybody who said we would do it in a specified amount of time.

18   You don't have an allegation that because we didn't do it the

19   student's IEP is incorrect or the student needs additional

20   services and we need those evaluations to determine what it is.

21   You don't have a witness saying that in front in you. So how can

22   you find a denial of FAPE when you can't - you don't have

23   anything to show any harm.

7

1        HEARING OFFICER: Can I ask a question? Settle out. The

2    question I have is that I look LC 6.

3        MS. PUCKETT: -- (chuckle) HmmmmHmmmm

4        HEARING OFFICER:  The question is for either one of you.

5    The student now attends Rock Creek Academy. This SEP meeting,

6    there is a list of team members.  Are these people from Rock

7    Creek Academy or these people from DCPS?

8        MS. PUCKETT: Rock Creek.

9        HEARING OFFICER: And if so, who is the DCPS person?

10       MS. PUCKETT:  No one from DCPS was at that meeting.

11       HEARING OFFICER: How does DCPS have notice have notice of

12    doing these meetings?  These evals?

13       MS. PUCKETT:  We received I believe notice through ah-- I

14    know at the resolution meeting that had notice at some point

15    that Rock Creek decided to --.

16       HEARING OFFICER:  Yeah, well, then--- then I have 11 -

17    11/28/06 there's a meeting held.  Resolution meeting.  And there

18    Kimberly Grafton of DCPS

19       MS. PUCKETT: Yes.

20       HEARING OFFICER:  Attends that meeting.  And DCPS agrees to

21    conduct new evaluations if that were recommended.

22       MS. PUCKETT: Within 60 days we said we'd do it.

23       MR. TYRKA: No. The meeting is within 60 days.

8

42

1       HEARING OFFICER: It says upon completion they would do it

2   within 60 - okay.  All right.

3       MR. TYRKA: It looks like a plan to offset --.

4       HEARING OFFICER: The first meeting of September - September

5   26th.  There is no DCPS. This is held at Rock Creek Academy and

6   November 28th meeting was also held at Rock Creek?

7       MS. PUCKETT: No. It was held here.

8       HEARING OFFICER: It was held here at 8:25 and there was a

9   representative of DCPS who proposed doing the evaluations that

10  were --. These are the same right? The same that were

11  recommended in the --the September 26th--.

12      MR. TYRKA: Those are the same.

13      HEARING OFFICER: The same right?

14      MR. TYRKA: Those are same yeah.

15      HEARING OFFICER: Okay. All right.  Thank you very much.

16  Have a good holiday.

17      MS. PUCKETT: Thank you.  Have a good break.

18      Tape for L█████ C██████ ended 1:15:20

19